# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4925
_____

CARLOS MANUEL RUSSELL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

April 16, 2019

PER CURIAM.

In this direct appeal from Appellant's conviction and sentence for aggravated stalking, we affirm in all respects and write only to explain why the trial court did not abuse its discretion by admitting Appellant's text messages to the victim as impeachment evidence.

At the beginning of trial, the parties discussed the admissibility of various text communications between Appellant and his wife, the victim in this case. The court ruled that the text messages could not be admitted during the State's case-in-chief because the State failed to file a timely notice to admit the text messages as collateral crime evidence. However, the court further ruled that this would not prohibit the defense from offering the

text messages as impeachment evidence or the State from offering them as evidence during rebuttal.

During its case-in-chief, the State presented testimony that after the victim separated from Appellant and obtained an injunction against him for protection against domestic violence, Appellant threatened the victim and her family with death or great bodily harm, showed up unannounced at the victim's workplace, made over 100 phone calls to the victim's office in a single afternoon, and attacked the victim in a pharmacy parking lot.

During the defense's case, Appellant took the stand and testified that the victim called him from work every day and invited him to visit her at work without her boss's knowledge. He further testified that he and the victim went back and forth in their relationship and that the victim never stopped texting and calling him the entire time the injunction was in place. Although he acknowledged calling the victim at work repeatedly, he claimed he was desperate to get her on the phone to calm her down because she was upset about his involvement with other women.

On cross-examination, the State was allowed to introduce, over defense objection, text messages sent by Appellant to the victim as impeachment evidence. In those messages, Appellant demanded to know why the victim would not answer the phone at work when he called and threatened to call her office nonstop regardless of any restraining order, come over to her office, and beat her like she was a man. Defense counsel subsequently moved for a mistrial on the ground that those text messages were sent prior to the entry of the injunction. The trial court denied the motion on the ground that the text messages were proper impeachment evidence.

"A witness may open the door during the direct testimony to impeachment concerning matters that would not otherwise be permissible." Charles W. Ehrhardt, *Florida Evidence* § 608.1 (2018 ed.). "Under this concept, the adverse party may be able to introduce extrinsic evidence to contradict a specific factual assertion made during the testimony of the witness, even if it pertains to an otherwise collateral matter." *Id.* Thus, "a testifying defendant may open the door to impeachment with otherwise inadmissible collateral crime evidence by 'inaccurately testifying

2

to material facts.'" *Brookins v. State*, 228 So. 3d 31, 37 (Fla. 2017). To do so, "the defense must first offer misleading testimony or make a specific factual assertion which the state has the right to correct so that the jury will not be misled." *Robertson v. State*, 829 So. 2d 901, 913 (Fla. 2002) (quoting *Bozeman v. State*, 698 So. 2d 629, 630 (Fla. 4th DCA 1997)). "The standard of review of a determination of whether a party has opened the door is abuse of discretion as limited by the rules of evidence." *Maharaj v. State*, 78 So. 3d 63, 66 (Fla. 4th DCA 2012).

Here, Appellant claims that the trial court abused its discretion by admitting Appellant's text messages to the victim as impeachment evidence because those messages did not contradict his testimony and were sent before the entry of the injunction. The State correctly responds that Appellant opened the door to cross-examination about those text messages because they contradicted Appellant's testimony that the victim repeatedly initiated contact with him because she wanted them to get back together. The texts showed it was Appellant who insisted on communicating with the victim despite her efforts to avoid any further contact with him. The trial court did not abuse its discretion by allowing the State to introduce this evidence to correct Appellant's inaccurate and misleading testimony regarding the nature of his relationship with the victim.

AFFIRMED.

WOLF, WINOKUR, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.